UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| RESA A. WITT,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKLIN COUNTY BOARD OF EDUCATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action Number<br>)     3:14-CV-01395-AKK<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Resa Witt ("Witt") filed a lawsuit against the Franklin County Board of Education ("FCBOE"), asserting retaliation in violation of Title VII of the Civil Rights act of 1964. Doc. 1 at 1. According to Witt, in retaliation for a lawsuit she filed against the FCBOE in March 2011, the FCBOE retaliated against her by (1) placing her on the work duty schedule twice in a six-week period instead of just once like her coworkers, doc. 1 at ¶ 8; (2) placing her on the bus duty schedule after she informed school administration that she had several medical conditions that made it difficult and dangerous for her to stand for long periods of time, *id.* at ¶¶ 9-11; and (3) formally reprimanding her after she called the police to her classroom in response to a student verbally threatening her, *id.* at ¶¶13-14. Before the court is the FCBOE's motion to dismiss for failure to state a claim pursuant to

1

Federal Rule of Civil Procedure 12(b)(6), doc. 5, in which the FCBOE contends that Witt cannot establish a prima facie case because she cannot show a causal link between the protected activity and the alleged retaliatory conduct. Doc.5 at 3. Alternatively, the FCBOE contends that the alleged retaliatory conduct does not rise to an adverse employment action. *Id.* at 4. Because the court agrees with the alternative argument, the FCBOE's motion to dismiss is due to be granted.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the factual allegations as true, as it must on a motion to dismiss under Rule 12(b)(6), *see, e.g. Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000), the court notes that the conduct that gave rise to this lawsuit began in March of 2011, when Witt and a coworker filed a lawsuit against the FCBOE, alleging gender discrimination claims for failure to hire and promote, and a claim for retaliation. Doc. 1 at ¶ 7. While Witt was prosecuting her lawsuit, she allegedly experienced additional retaliation by (1) being placed on the work duty schedule twice for a six week period unlike her coworkers who only had to work once; (2) being placed on the afternoon bus duty schedule after she purportedly

informed the school district superintendent and the school principal that she had several medical conditions that made it difficult and dangerous for her to stand for long periods of time; and (3) being reprimanded for calling the police to her classroom in response to a verbal threat by a student on February 28, 2013.[1] *Id.* at ¶ 8-14; Doc. 10-1 at 2-3, 77.  In response to her placement on the afternoon bus schedule, Witt provided the school superintendent and the principle a November 2012 letter from her physician excusing her from bus duty because of medical reasons. *Id.* at ¶ 10. However, the FCBOE refused to remove Witt from bus duty and, one day, Witt collapsed because of a spike in blood pressure and had to be hospitalized. *Id.* at ¶ 10. Witt subsequently filed this lawsuit on July 21, 2014. Doc. 1 at 1.

### III. ANALYSIS

The FCBOE has moved to dismiss on the basis that, as pleaded, Witt cannot establish a prima facie case of retaliation. To establish a prima facie case, Witt must show that: (1) she engaged in protected activity or expression; (2) she suffered an adverse employment action; and (3) that a causal connection exists between the adverse employment action and the protected conduct. *Sims v. Burlington Coat Factory Warehouse of Alabama, Inc.*, 330 Fed. Appx. 1555, 1566 (11th Cir. 1997).  At issue here are the second and third prongs. Specifically, the

---

[1] The incident regarding the verbal threat and the reprimand occurred the same day the court dismissed Witt's original lawsuit.

FCBOE claims that the alleged retaliatory actions are too temporally remote from the filing of the original lawsuit to prove causation, and that the alleged retaliatory acts are not severe enough to constitute an adverse employment action. The court addresses the FCBOE's contentions fully below.

### A. There is temporal proximity between Witt's protected activity and the alleged retaliatory actions.

In support of its causation argument, the FCBOE asserts that Witt "cannot show that any of the instances alleged in the complaint were causally connected to any protected activity or expression, much less that filing a lawsuit on March 22, 2011 was the 'but for' cause of any alleged adverse action."[2] Doc. 5 at 3. Basically, the FCBOE argues that Witt cannot establish a close temporal proximity between the filing of her first lawsuit on March 22, 2011 and the alleged retributive actions that occurred in November of 2012 and March of 2013, and cites several cases that support the proposition that a delay of one and a half to two years between the protected activity and alleged retribution is too remote. *Id.* at 3-4. *See, e.g. Thomas v. CVS Pharmacy*, 336 Fed. Appx. 913, 915 (11th Cir. 2009) (*per curiam*) (three and a half months between protected activity and alleged retaliation too remote to infer causation). The FCBOE's contention is narrowly myopic

---

[2] Retaliation claims "must be proved according to the traditional principles of but-for causation," requiring "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

because it focuses *solely* on the filing date of the lawsuit and ignores that a lawsuit also involves the prosecution of the actual case. In Witt's case, she prosecuted the lawsuit until at least February 28, 2013 when Judge Smith granted the FCBOE's summary judgment motion. *See* Doc. 10-1 at 2-3, 77; doc. 1 at 4. Given that the alleged retaliatory activities occurred in November of 2012 and March of 2013, doc. 1 at 3-4, during and immediately following Witt's prosecution of the lawsuit, under the legal standards asserted by the FCBOE, there is temporal proximity between the protected activity and the alleged retaliatory conduct.

### B. The alleged retaliatory conduct was not an adverse employment action.

The FCBOE next argues that Witt's complaint fails to state a claim upon which relief can be granted because Witt has not shown that she suffered an adverse employment action. Doc. 9 at 3. The retaliation provision of Title VII "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Accordingly, an adverse employment action is defined as an action which would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal citations and quotation marks omitted). Moreover, "[t]he asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Significantly, "not all conduct by an

employer negatively affecting an employee constitutes adverse employment action." *Id.* at 1238 (citations omitted). This is because "Title VII[] is neither a general civility code nor a statute making actionable the 'ordinary tribulations of the workplace.'" *Id.* at 1239 (quoting *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000)).

With these general principles in mind, the court turns now to Witt's complaint and the alleged retaliatory conduct. Specifically, Witt asserts that the FCBOE (1) placed her on the work duty schedule twice during a six week period rather than once, doc. 1 at ¶ 8, (2) placed her on the bus duty schedule despite having notice that Witt's medical conditions made it difficult for her to perform bus duty, *id.* at ¶¶ 9-11, and (3) issued Witt a formal reprimand for calling police officers to her classroom after a verbal threat by a student, *id.* at 13-14. Taken individually, however, none of these alleged actions constitute an adverse employment action. In fact, Witt has not pleaded any reduction in salary, change in terms, conditions, or benefits of employment, or difference in work description or work location. *See Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010) (holding that a phone call threatening Plaintiff's job did not rise to adverse employment action because "nothing suggests, nor does [Plaintiff] argue . . . [Defendant] took any action – including termination, demotion, or even a reprimand – that could have seriously affected [Plaintiff's] employment."); *Akins*

*v. Fulton County,* 420 F.3d 1293, 1301-02 (11th Cir. 2005) (holding that unwarranted reprimands, a negative work evaluation, the threat of job loss, the threat of suspension without pay, the removal of job duties, and exclusion from meetings did not constitute adverse employment action); *see also Edwards v. National Vision, Inc.*, 568 Fed. Appx. 854, 862 (11th Cir. 2014) (assignment of more patients and a formal reprimand are not an adverse employment action because employee failed to present evidence that she was materially affected, such as a reduction of salary); *Grimes v. Miami Dade County*, 552 Fed. Appx. 902, 905 (11th Cir. 2014) (no adverse employment action despite adjustment in job duties because plaintiff "retained the same job description and work location and she did not receive a lower salary or fewer benefits."); *Swindle v. Jefferson County Com'n*, No. 13-14050, 2014 WL 6678411 at *7-6 (11th Cir. Nov. 26, 2014) (no adverse employment action when plaintiff was denied medical care and paid leave after suffering a "panic attack" as a result of reprimand). As a matter of law, being asked to do slightly more work than similarly situated colleagues (i.e. scheduled two times in a six-week period) and to perform duties that are presumably included within an employee's job description (i.e. bus duty assignment),[3] and being

---

[3] While the assignment to bus duty may be in violation of the Americans with Disabilities Act if Witt was, in fact, disabled, *see Swain v. Hillsborough County Sch. Bd.*, 146 F.3d 855, 858 (11th Cir. 1998) ("[e]mployers have no duty to accommodate an employee if the employee is not disabled under the [Americans with Disabilities Act ("ADA")])(internal citations omitted), based on her pleadings

reprimanded for cause simply does not rise to the level of an adverse employment action.[4] *See Davis*, 245 F.3d at 1239. Therefore, because none of the alleged actions undertaken by the FCBOE would have dissuaded a reasonable person from making or supporting a charge of discrimination, Witt's complaint does not support a plausible claim for retaliation under Title VII and fails to state a claim upon which relief can be granted.

To be certain, the court recognizes a cause of action for retaliatory harassment that encompasses a pattern of employer actions, rather than one disparate act, constituting retaliation, *see Swindle*, 2014 WL 6678411 at *7, and agrees with Witt that the court should also consider the alleged actions of the FCBOE as a collective whole, *see* doc. 9 at ¶¶ 7-8. In that regard, a plaintiff claiming retaliatory harassment must show that "the workplace [wa]s permeated

---

it appears that performing bus duty is part of Witt's assigned duties. As such, without more in the complaint, the assignment itself alone cannot support a claim for retaliation. *Seldon v. Total System Serv's, Inc.*, 653 F. Supp.2d 1349, 1378-79 (M.D. Ga. 2009)(where employee is not disabled under the [ADA], "no reasonable person . . . could have considered [employer's] alleged failure to adjust Plaintiff's work schedule . . . to be materially adverse.")

[4] Witt contends that she received the reprimand for calling the police on a student. The complaint is silent on the school's normal procedures for handling such incidents, and also makes no indication that other teachers engaged in similar conduct without being reprimanded. Instead, Witt asserts simply that the FCBOE issued the reprimand in retaliation for her lawsuit. Such conclusory allegations are insufficient to satisfy the pleading standards. *See, e.g. Burnet v. City of Jacksonville, FL*, 376 Fed. App'x 905, 906 (11th Cir. 2010) ("[C]onclusory allegations, unwarranted deductions of facts [,] or legal conclusions masquerading as facts will not prevent dismissal.") (internal citation and quotation marks omitted).

with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment or create an abusive working environment." *Id.*, at *8 (quoting *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012)). The court examines the context and totality of the circumstances, considering "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Gowski*, 682 F.3d at 1312 (internal quotation marks omitted). For the reasons stated above, Witt's three distinct allegations, taken as a whole, still fail to rise to a level such that they can be characterized as so severe or pervasive that they altered the conditions of her employment or created an abusive working environment. *See Swindle*, 2014 WL 6678411 at *6-7. Consequently, because Witt's allegations do not support the theory that the FCBOE took adverse employment actions, or created a retaliatory harmful work environment, Witt cannot state a prima facie claim under Title VII and, therefore, her case is due to be dismissed for failure to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

## III. CONCLUSION AND ORDER

For the reasons noted above, the FCBOE's motion to dismiss is **GRANTED**, and this case is **DISMISSED** without prejudice for failing to plead sufficient facts to support a retaliation claim.

**DONE** the 19th day of December, 2014.

                                                            **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE